No. 6368.

# DR. E. A. JURGELWICZ vs. NATIONAL SURETY COMPANY, ET AL.

## Syllabus.

1. Although as a general rule the silence of a judgment as to some demands where others are passed upon between the same parties is equivalent to a rejection of the demands not passed upon, nevertheless this is a mere rule of interpretation and has no application where to enforce it would do violence to the rest of the judgment.

2. It is of the essence of a plea of *res judicata* that the former judgment so pleaded have been rendered between the same parties.

Appeal from the Civil District Court for the Parish of Orleans, Division "E," No. 107,874. Honorable G. H. Theard, Judge.

Sol. Weiss, for plaintiff and appellee.

Grant & Grant, for defendant and appellant.

Z. Adler, F. W. Hart and R. H. Marr, attorneys.

His Honor, JOHN ST. PAUL, rendered the opinion and decree of the Court, as follows:

The National Surety Company, appellant herein, bound itself **in solido** with John W. Hood & Co. for the faithful performance of a certain building contract and the payment of all material and labor.

The owner and certain materialmen sued the contractors and the surety, but the contractors were not cited, and this was unnecessary.

**C. C.,** 2094.

— 298 —

After issue joined with the surety and when practically all the evidence had been taken, the contractors voluntarily appeared and answered.

The judgment below was against the surety, but wholly ignored the contractors, making no mention of them whatsoever.

The surety by special plea in this 'Court urges that as this judgment ''discharges John W. Hood & Co. (the principals) from all liability in the premises,'' appellant (the surety) must be likewise discharged.

We are not of opinion that the judgment appealed from ''discharged John W. Hood & Co. from all liability in the premises.''

Although no judgment was rendered **against them,** still no judgment was rendered **in their favor;** and however true it may be that the silence of a judgment as to some demands when others are passed upon between the parties, is equivalent to a rejection of those demands not passed upon, yet this can apply only when a judgment of some sort has been rendered between the parties.

The rule is simply one of interpretation, not based upon statute law but upon a mere presumption, to-wit, that the judgment meant to pass upon all the issues raised by the parties; and when there is no judgment whatever between the parties the presumption totally fails; as also, when to apply the rule would nullify or do violence to the rest of the judgment.

In the case before us it was clearly not the meaning of the judgment appealed from that the plaintiffs cannot recover from the principal on the bond; and hence there is no merit in the point made by the surety.

— 299 --

Claim of W. P. Utley Company.

The only serious objection to this claim is that it was not presented and recorded within 45 days after the building was completed. But it was presented and recorded within 45 days after the date which the architect fixes as that on which the building was finished, and as we understand **Carre & Weir, 133 La., 22,** the judgment of the architect in such matters is conclusive where no fraud is charged.

Claim of Dr. Jurgelwicz.

It is contended by the surety that the same claims herein set up by plaintiff have already been rejected, to-wit, in a certain garnishment proceeding taken out by the Watson Manufacturing Company under a judgment against John W. Hood & Company, and that said judgment constitutes **res judicata** herein.

We cannot appreciate the force of this plea. The answers of a garnishee denying indebtedness, or setting up a counter claim are in effect precisely the same as a third opposition resisting a seizure on the ground that the property about to be seized belongs to the opponent and not to the judgment debtor.

Apart from the common sense view of the matter the Code of Practice declares in words that such an opposition is a "separate demand distinct from the suit in which the order (of seizure) was granted."

**C. P., 398.**

The National Surety Company was clearly no party to the issue raised between the Watson Manufacturing Company, seizing creditor, and Dr. Julgelwicz, the gar-nishee; and hence any judgment upon these issues lacks the essentials of **res judicata** between Dr. Jurgelwicz and

— 300 --

the National Surety Company, plaintiff and defendant here.

Plaintiff's claim herein is based upon an express guarantee on the part of the contractors ''to rectify all defects discovered in his work within one year after completion of the entire structure and its acceptance by the architects.''

It is claimed that those defects and the cost of rectifying them amounted to $759.09, as follows:

1. Paid Demourelle, tinting & c........... 82.95
2. Paid Cozzo, tinwork & flashing........ 154.60
3. Paid Swiler, closing leaks ............ 23.70
4. S. & W. Board, water ................ 4.79
5. Utley, materials ........ ............. 12.05
6. Drum, repairing walls & ceilings (actually $550, but claimed on basis of Reiff's bid).... ........ ............ 481.00

Total ............................759.09

Plaintiff and the architect both testify that defects of the nature above indicated did develop within the year and were finally remedied at the cost above stated; they are fully corroborated by documentary evidence, and are practically uncontradicted.    The trial Judge found for plaintiff and we perceive no error in his finding.

By error the judgment below was for $784.65 instead of $759.09, which we will correct, and as thus corrected the judgment will be affirmed.

It is therefore ordered that the judgment appealed from be amended by decreasing the amount allowed Dr. W. A. Jurgelwicz against the National Surety Company from $784.65 to seven hundred and fifty-nine 09/100 dol-

— 301 —

lars ($759.09); and as thus amended the judgment is affirmed; the said Dr. E. A. Jurgelwicz to pay the costs of this appeal and the National Surety Company to pay the costs of the 'Court below.

Opinion and decree, May 31st, 1915.

Rehearing refused, June 30th, 1915.

Writ denied, October 20th, 1915.